UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH WAYNE JACKSON										PETITIONER

V.											CIVIL ACTION NO. 3:24-CV-424-DPJ-ASH

STATE OF MISSISSIPPI										RESPONDENT

ORDER

Pro se Plaintiff Kenneth Wayne Jackson filed this case as a petition for habeas corpus under 28 U.S.C. § 2254. Before the Court are four motions he has filed: Motion for Discovery [17], Motion to Amend/Correct his Petition [25], Second Motion to Amend/Correct his Petition [26], and Motion to Restrict Access [34]. Having reviewed the pleadings and applicable case law, the Court grants his second motion to amend [26] and denies his other three motions [17] [25] [34].

I.	Facts and Procedural History

Jackson filed his federal habeas petition on July 19, 2024 challenging his 2022 conviction in Mississippi state court for possession of a firearm by a convicted felon. Pet. [1]. On November 4, 2024, Jackson filed a motion for discovery [17] related to various proceedings in Alabama. Two days later, Respondent filed a motion to dismiss his petition, which it later supplemented. Mot. to Dismiss [20]; Supp. Resp. [29]. Thereafter, and while his petition was pending before the Court, Jackson filed various motions that the Court summarizes below.

On January 21, 2025, Jackson filed a motion to "amend/correct" his petition. Mot. [25]. Ten days later, he filed a second motion to "amend/correct." Mot. [26]. Respondent filed a response in opposition to both motions, *see* Resp. [28] [31], and Jackson filed no replies.

On March 6, 2025, Jackson filed a motion seeking to restrict access to this case (and his other related cases). Mot. [34]. Respondent filed no response.

II.     Analysis

    A.     Jackson's Motion for Discovery

Jackson asks that the Court order discovery of "all trial transcripts, proceedings, [and] documents" concerning his other proceedings in Alabama. Mot. [17] at 1. Under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "A petitioner demonstrates 'good cause' under Rule 6(a) 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014) (citing *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)). Jackson provides no good cause for why he believes the requested discovery will help him demonstrate that he is entitled to habeas corpus relief on his Mississippi state conviction. Jackson's request for discovery [17] is denied.

    B.     Jackson's Motions to Amend

Jackson requests leave to amend his petition to add details about a case number with the Mississippi Department of Human Services (MDHS) "disbursement unit" and an apparent outstanding balance that Jackson claims is $27,507.92. Mot. [25] at 1. "Federal Rule of Civil Procedure 15 gives discretion to the district court to grant leave to amend and states that '[t]he court should freely give leave when justice so requires.'" *Flores v. Stephens*, 794 F.3d 494, 504 (5th Cir. 2015) (citing Fed. R. Civ. P. 15(a)(2)). In determining whether to grant leave to amend, the Court considers, among other factors, "whether an amendment would be futile." *Id.* "[I]f the

2

district court determines that amendment would be futile, . . . leave to amend should be denied." *Johnson v. Stephens*, 617 F. App'x 293, 301 (5th Cir. 2015).

To the extent Jackson seeks to add MDHS as a party (and add claims against it), it is not a proper respondent in this § 2254 action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]he proper respondent to a habeas petition is the person who has custody over the petitioner."); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("[T]he petition must name as respondent the state officer who has custody."); *see also Joe v. Fitzsimmons*, No. 3:16-CV-0275-L-BH, 2016 WL 1594348, at *1 (N.D. Tex. Mar. 17, 2016), *report and recommendation adopted*, No. 3:16-CV-275-L, 2016 WL 1588150 (N.D. Tex. Apr. 20, 2016). MDHS would not be a proper respondent in this § 2254 habeas action, and any motion to amend to add it as a party would be futile. To the extent Jackson seeks to add factual allegations regarding MDHS, nothing in his motion indicates why the details he provides about the "disbursement unit" and the apparent "outstanding balance" would have any possible relevance to his petition. This is yet another reason why the proposed amendment futile. Jackson's first request to amend his petition [25] is denied.

In his second request to amend [26], entitled "Habeas – Screening – Discovery," Jackson asks the Court to add to his petition a notice he attached from his direct appeal that "Motion #2025-27 . . . will be treated as an attachment to the pending Certiorari Petition." Mot. [26] at 2. Respondent does not oppose this request as its February 13, 2025 supplementation of Jackson's state court record includes the notice that Jackson seeks to add. Resp. [31] at 2; Supp. Resp. [30-1] at 8. Jackson's request to amend [26] is arguably moot because Respondent has provided the attached notice. Nonetheless, the Court grants his request to the extent he seeks to add the filing to the record before the Court on this habeas petition.

  C. Jackson's Motion to Restrict Access

Jackson also asks the Court to "restrict all links or other numbers if any" to two of his habeas cases before this Court (this present case and another which is closed), and the state trial and appellate court records. Mot. [34] at 2. A district court may permit a party to file documents under seal or under restricted status if justified by the relevant facts and circumstances of the particular case. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). The decision to seal or restrict access is made on "a case-by-case, document-by-document, line-by-line" basis and must be "congruent to the need." *Binh Hao Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419–20 (5th Cir. 2021) (quoting *Vantage*, 913 F.3d at 451).

Jackson provides no explanation for why the Court should restrict access to this case. He also fails to provide any authority in support of his request. The Court finds that his motion to restrict access [34] is denied.

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Jackson's motion for discovery [17] is denied; his motion to amend/correct his petition [25] is denied as futile; his second motion to amend/correct his petition [26] is granted as stated above; and his motion to restrict access [34] is denied.

      **SO ORDERED AND ADJUDGED** this the 29th day of July, 2025.

            s/ *Andrew S. Harris*
            UNITED STATES MAGISTRATE JUDGE